YAN GUAN CHEN,* Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

Docket No. 03–41031.

United States Court of Appeals, Second Circuit.

July 7, 2005.

---

* We have corrected the caption and request that the Clerk of the Court change the official caption accordingly.

Fengling Liu, New York, NY, for Petitioner.

Laura Thomas Rivero, Assistant United States Attorney (Marcos Daniel Jiménez, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Assistant United States Attorney, on the brief), Miami, FL, for Respondent.

PRESENT: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Guan Chen, a citizen of the People's Republic of China, petitions for review from an order of the BIA, dated May 23, 2002, affirming by opinion the Immigration Judge's ("IJ's") denial of his claims for withholding of removal and relief under the United National Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Chen's claims of relief stem from his fear of future persecution by Chinese Public Security ("Public Security") officials as a result of his attempt to defend his middle school teacher from arrest for practicing Falun Gong. The BIA's denial of Chen's claim relied principally on (1) the fact that the Public Security authorities that allegedly sought to persecute Chen issued various official documents on his behalf after his departure from China and (2) the implausibility of Chen's story regarding the circumstances surrounding his teacher's arrest.

This Court reviews the BIA's factual findings, including credibility determinations, under a substantial evidence standard. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). We can only reverse the BIA's determination for lack of substantial evidence if no reasonable fact-finder could have made that determination. *Id.* at 177.

Based on our review of the record and relevant case law, we rule that the BIA's denial of Chen's withholding of removal claim was supported by substantial evidence. Given Chen's inability to explain why his persecutors would have voluntarily issued him documents, a reasonable fact-finder could have determined that he was not credible. Moreover, while we find that it is plausible that Chen's teacher was arrested for practicing Falun Gong, we agree with the BIA that Chen's story contained several implausible elements as well. Both of these determinations bear a

legitimate nexus to Chen's claim that Public Security persecuted him on account of his defense of his teacher. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The BIA's denial of Chen's CAT claim was also supported by substantial evidence. Chen did not submit sufficient evidence indicating that it is more likely than not that he will be tortured upon return to China. *See* 8 C.F.R. § 208.16(c)(2).

For the foregoing reasons, the petition for review is DENIED. Accordingly, Chen's motion for a stay of removal is DENIED.